GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* DÍAZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of Revendication, Etc.

No. 3031.—Decided May 23, 1924.

REVENDICATION—COMMON PROPERTY—HEREDITARY RIGHTS—PLEADING.—The complaint in an action of revendication of undivided hereditary joint interests alleged that the plaintiffs were owners by inheritance of one-twelfth each of a property of 170 acres left by their ancestor; that they never had sold, assigned or renounced their rights to that property; that the property was allotted to their mother for the payment of debts of the estate without au-

thorization of court and at a time when they were minors, and that the defendants were in possession of 100 acres of the property. *Held:* That the complaint sets up facts sufficient to constitute the cause of action.

ID.—ID.—ID.—ID.—It being alleged in the complaint that there are six heirs and that the property belongs to them and to the widow, thus showing clearly that each of the plaintiffs owns one-twelfth, which is what they claim, it can not be concluded that the complaint is insufficient for failure to specify the different shares of the several co-owners in order to show the share of each one of the plaintiffs; and as to the failure to allege the title under which the defendants are in possession of the 100 acres, such an allegation was not necessary, for it was sufficient to allege that the defendants were in possession of the land in controversy, the case of *Ruiz* v. *G. Llinás & Co.*, decided July 18, 1922, not being applicable.

ID. — ID. — PARTIES. — Two heirs who do not appear as plaintiffs in an action brought by other heirs for the acknowledgment of hereditary rights are not necessary parties to the action.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellants.

*Messrs. Largé & Zeno* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from a judgment dismissing the complaint on the motion of the defendants after the court had sustained their demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Martín, Isabel, Juana Basilisa and María del Carmen González Bermúdez, four of the six children and heirs of Juan Antonio González, brought an action against four persons and alleged substantially the following: That the father of the plaintiffs was the owner up to the time of his death of a property of 170 acres described; that the four plaintiffs and two other brothers were declared the heirs of their father in 1893, they all having accepted the inheritance and having, with their widowed mother, María Josefa Bermúdez, become the joint owners of the said property, the children by inheritance and the widow as conjugal partner; that the plaintiffs had never transferred, assigned or renounced their title or right of ownership in the said property and each of the plaintiffs owned one-twelfth of it; that the defendants had been in possession of 100 acres of the property of 170 acres for about four years without any

title; that in 1893 the widow and another person as guardian of the then unemancipated minors partitioned the estate of their father and allotted to different supposed creditors in payment of debts therein recited all of the real properties of the estate; that the said property of 170 acres was likewise allotted for the payment of debts to María Josefa Bermúdez (the widow) and was recorded in her name in the registry of property and by successive transfers 100 acres of it had come into the possession of of the defendants; that when the partition of the estate was made and approved by the court·of first instance and protocoled in a notary's office the plaintiffs were unemancipated minors and no authorization of court was obtained for transferring the properties in payment of debts; that the defendants were in possession of the said 100 acres of land knowing that the said partition of the estate was null and void.

On these allegations and another with regard to the products of the property they prayed the court to adjudge that each plaintiff was the owner of a joint interest of one-twelfth of the property of 170 acres and that the defendants should pay them a certain sum as damages, with the costs.

At the instance of the defendants and by order of the court some words were stricken from this complaint and the widow, Josefa Bermúdez, was made a party defendant. Thereafter the court ruled that the other two children and heirs should be made parties to the action and that the complaint did not state facts sufficient to constitute a cause of action, rendering later the judgment aforesaid.

In the first three grounds of appeal the appellants raise questions that have no importance, whatever may be our decision in this case, for they challenge the striking out of certain words from the complaint, the inclusion of the widow as a party to the action and the sustaining of the second ground of demurrer, and only in the fourth assignment of

error do they discuss briefly the fundamental question in this appeal, *i. e.,* whether the complaint sets up facts sufficient to constitute a cause of action independently of whether the two heirs who were not parties to the action should have been made parties.

The plaintiffs alleged that they were the owners by inheritance of one-twelfth each of a property of 170 acres left by their ancestor; that they never had sold, assigned or renounced their rights in that property; that the property was allotted to their mother for the payment of debts of the estate without authorization of court and at a time when they were minors, and that the defendants were in possession of 100 acres of the property.

If this is all true (and we must so assume in ruling upon the demurrer to the complaint), then it follows that as the allotment of property for the payment of debts was null and void in accordance with the holding in the case of *Longpré v. Díaz,* 237 U.S. 519, they still have in that property and in the segregated portion of 100 acres an interest of one-twelfth each by inheritance from their father and are entitled to have that condominium recognized by the present owners of the property, as held in the cases of *Capó v. Fernández,* 27 P.R.R. 656, and *Santini v. Díaz San Miguel,* 27 P.R.R. 746.

On this point the lower court based its judgment on the fact that the complaint was not sufficient because it did not show clearly the rights of the plaintiffs as owners of the property of 170 acres, it failing to state the different interests of the several co-owners in order to show those of the plaintiffs; but the complaint clearly alleges that there were six heirs and that the property belonged to them and to the widow as conjugal partner; therefore, it appears clearly that each of the plaintiffs owns one-twelfth of it, which is what they claim, and hence the conclusion of the trial court can not be sustained. As to the failure to allege in the complaint how the defendants came into possession of the

100 acres, that was not necessary, for it was sufficient to allege that the defendants were in possession of the land in litigation, the case of *Ruiz* v. *G. Llinás & Co.*, 31 P.R.R. 45, not being applicable.

With regard to whether or not the two heirs who are not parties to this suit should have been parties, we are of the opinion that they are not necessary parties, for the object is not to obtain a declaration that the partition of estate in which they had interests is null and void, but to recover the condominium alleged by the plaintiffs to belong to them in a property and with which they have not parted because the allotment thereof for the payment of debts is null and void.

The judgment appealed from must be reversed and the case remanded for further proceedings.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto concurred in the judgment.